**AMERICAN HONDA MOTOR CO., INC., Plaintiff, Appellee,**

v.

**BERNARDI'S, INC. d/b/a Bernardi Honda, Defendant, Appellant.**

**American Honda Motor Co., Inc., Plaintiff, Appellee,**

v.

**Richard Lundgren, Incorporated d/b/a Lundgren Honda, Defendant, Appellant.**

No. 99–1921, 99–1922.

United States Court of Appeals, First Circuit.

Oct. 26, 2000.

Before LIPEZ, Circuit Judge, BOWNES, Senior Circuit Judge, and SARIS*, District Judge.

**ORDER OF COURT**

The prior order of this case, dated September 26, 2000, is withdrawn.

**AMERICAN HONDA MOTOR CO., INC., Plaintiff, Appellee,**

v.

**BERNARDI'S, INC. d/b/a Bernardi Honda, Defendant, Appellant.**

* Of the District of Massachusetts, sitting by designation.

**American Honda Motor Co., Inc., Plaintiff, Appellee,**

v.

**Richard Lundgren, Incorporated d/b/a Lundgren Honda, Defendant, Appellant.**

No. 99–1921, 99–1922.

United States Court of Appeals, First Circuit.

Oct. 26, 2000.

Before LIPEZ, Circuit Judge, BOWNES, Senior Circuit Judge, and SARIS*, District Judge.

**ORDER OF COURT**

American Honda Motor Co. (American Honda) argues that the evidence and arguments presented to the district court prior to the entry of its order defining relevant market area (RMA) indicate that the district court defined RMA as circular rather than as a perfect circle. We read the district court's order, however, as indicating that the RMA was a perfect circle, a reading inconsistent with the Massachusetts Supreme Judicial Court's interpretation of the relevant statute. Our reading is consistent with the district court's conclusion that the amended definition of RMA was intended to create a "bright line test," and with the district court's use of the term "radius of the circle." (*See* n. 1.) This was the reading of the district court's order adopted implicitly by the majority of the Massachusetts Supreme Judicial Court in its answer to our certified questions, a point confirmed by the dissent. American Honda's arguments do not persuade us that this reading of the district court's order is incorrect.

We therefore vacate the judgment of the district court and remand the case for further proceedings consistent with the opinion of the Supreme Judicial Court.

* Of the District of Massachusetts, sitting by designation.